UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.

Case No. 8:12-CR-25-T-24EAJ

ANDRE KING.
_____/

**O R D E R**

This matter comes before the Court on Defendant King's *pro se* Motion to Withdraw Guilty Plea (Doc. 38). The Government filed a response. The Court conducted a hearing on May 21, 2012. Present at the hearing were defendant King, Mark O'Brien, King's attorney, and Assistant United States Attorney Jay Hoffer. The Court inquired of King regarding the basis for his motion to withdraw the guilty plea since the motion only stated ineffective assistance of counsel. In addition to hearing testimony from King at the May 21, 2012 hearing, the Court reviewed the transcript of the change of plea hearing, before Magistrate Judge Elizabeth A. Jenkins.

King was arraigned on February 14, 2012. Retained counsel Mark O'Brien substituted in as counsel on February 28, 2012. On April 26, 2012, King signed a plea agreement, and on April 27, 2012, Magistrate Judge Elizabeth A. Jenkins conducted King's change of plea hearing and recommended the District Judge accept King's guilty plea. This Court accepted the guilty plea later that same day, April 27, 2012, in light of the fact that the case was set for trial on the following Monday, April 30, 2012. King signed a motion to withdraw his guilty plea on May 7, 2012, and he filed the motion on May 10, 2012.

In considering a motion to withdraw a guilty plea, the Court may permit withdrawal of a guilty plea upon a showing by the defendant of a "fair and just reason." See United States v. Gonzalez-Mercado, 808 F.2d 796, 798 (11th Cir. 1987). The Court considers 1) whether assistance of counsel was provided to King; 2) whether the original plea was knowing and

voluntary; 3) whether judicial resources would be conserved; and 4) the timing of the motion to withdraw. See id. at 798-99, 801.

The Court finds that King has not shown a fair and just reason why the plea should be withdrawn. King was represented at the change of plea hearing by retained counsel. King stated at the plea hearing that he was fully satisfied with the representation of his counsel. (Plea Trans., April 27, 2012, at 9). The Court finds that King's plea was knowing and voluntary. King stated at the change of plea hearing that no one had made any promises to him not contained in the plea agreement and no one had threatened him to get him to plead guilty (Plea Trans., April 27, 2012, at 15). King further stated at the change of plea hearing that he was pleading guilty because he was in fact guilty. (Plea Trans., April 27, 2012, at 26).

Although the Court acknowledges that King filed his motion promptly, ten days after pleading guilty, the other factors weigh against the withdrawal of the plea. The plea was knowing and voluntary, and close assistance of counsel was provided. King complains that he did not have sufficient time to review the plea agreement, but his statements to the Magistrate Judge at the change of plea hearing belie that accusation. King also complains that his counsel told him that he could withdraw his plea; however his counsel denies that he did so, and the Magistrate Judge clearly explained the difficulty in withdrawing a plea once the District Judge had accepted it.

Upon consideration, it is **ORDERED AND ADJUDGED** that King's Motion to Withdraw Guilty Plea (Doc. 38) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 21st day of May, 2012

SUSAN C. BUCKLEW
United States District Judge

Copies: Counsel of Record